# EXHIBIT A

IN THE COURT OF COMMON PLEASE OF ALLEGHENY COUNTY, PENNSYLVANIA

CIVIL DIVISION

**AMY and CURY MILLER**  NO.:  AR-17-001558

v.  COMPLAINT IN CIVIL ACTION

**CAMPERS INN RV OF PITTSBURGH**

File on behalf of Plaintiff:
**and**  AMY and CURT MILLER

COUNSEL OF RECORD FOR THIS PARTY:

**FOREST RIVER, INC.**

Timothy J. Abeel, Jr., Esq.
Identification No.: 209961

**TIMOTHY ABEEL & ASSOCIATES, P.C.**
25 Regency Plaza
Glen Mills, PA 19342
(610)825-3620

**WRIT WAIVED**

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**
**DEPARTMENT OF COURT RECORDS CIVIL/FAMILY DIVISION**
**ARBITRATION DOCKET**

| | |
|---|---|
| **AMY and CURY MILLER** | **ARBITRATION DOCKET** |
| | NO.: AR-17091558 |
| v. | HEARING DATE: _____ |
| | Court Room 2 |
| **CAMPERS INN RV OF PITTSBURGH** | |
| **and** | City-County Building |
| | 7th Floor |
| **FOREST RIVER, INC.** | |
| | 9:00 A.M. |

**NOTICE TO DEFEND**
**CODE: 1900**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNONT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**LAWYER REFERRAL SERVICE**
**The Allegheny County Bar Association**
**11th Floor Koppers Bldg.**
**436 Seventh Ave., Pittsburgh PA 15219**
**TELEPHONE: 412-261-5555**

## HEARING NOTICE

**YOU HAVE BEEN SUED IN COURT.** The above notice to Defend explains what you must do to Dispute the claims made against you. If you file the written response referred to in the "Notice to Defend" a hearing before a Board of Arbitrators will take place in Court Room 2, 7th Floor of the
City County Building, 414 Grant Street, Pittsburgh, Pennsylvania on _____, 2____, at 9:00 a.m. IF YOU FAIL TO FILE the response described in the "Notice to Defend" a judgment for the amount claimed in the Complaint may be entered against you <u>before</u> the hearing.

### DUTY TO APPEAR AT ARBITRATION HEARING

If one or more of the parties is not present at the hearing, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

**NOTICE:   YOU MUST RESPOND TO THE COMPLAINT WITHIN TWENTY (2) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THEN HEARING. IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD IMMEDIATELY BEFORE A JUDGE WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS <u>NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.</u>**

Timothy Abeel, Jr., Esquire
Identification No. 000292008
TIMOTHY J. ABEEL & ASSOCIATES, P.C.
25 Regency Plaza
Glen Mills, PA 19342
(800) 830-1474

ATTORNEY FOR THE PLAINTIFF

THIS IS AN ARBITRATION MATTER.
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

---

Amy Miller
Curt Miller
6046 Irishtown Road
Bethel Park, PA 15102

v.

Campers Inn RV of Pittsburgh
1580 State Route 65 South
Ellwood City, PA 16117
f/d/a Clem's Trailer Sales, Inc.

And

FOREST RIVER, INC.
1803 Century Drive
Goshen, IN 46528

COURT OF COMMON PLEAS ALLEGHENEY COUNTY

CIVIL ACTION NO.: AR-17-001558

## COMPLAINT

1. Plaintiff's, Amy and Curt Miller, are adult individual citizens and legal residents of the Commonwealth of Pennsylvania, residing at 6046 Irishtown Road, Bethel Park, PA 15102.

2. Defendant, Clem's Trailer Sales, Inc., is a corporation qualified to do an regularly

conduct business in the Commonwealth of Pennsylvania, with its address and principal place of business located at 1580 State Route 65 South, Ellwood City, PA 16117 and can be served at the same.

3. Defendant, Forest River Inc., is a corporation qualified to do an regularly conduct business in the Commonwealth of Pennsylvania, with its address and principal place of business located at 1803 Century Drive, Goshen, IN 46528 and can be served at the same.

## BACKGROUND

4. On or about November 22, 2014, Plaintiff purchased a new 2015 Sierra 365SSAQS, manufactured and warranted by Defendant, bearing the Vehicle Identification Number 4X4FSEN23FJ041022.

5. The vehicle was purchased in the Commonwealth of Pennsylvania and is registered in the Commonwealth of Pennsylvania.

6. The contract price of the vehicle, including registration charges, document fees, sales tax, finance and bank charges, but excluding other collateral charges not specified, yet defined by law, totaled more than $100,799.10. A true and correct copy of the Purchase Agreement is attached hereto, made a part hereof, and marked Exhibit "A".

7. In consideration for the purchase of said vehicle, Defendant issued to Plaintiff's several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

8. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiffs.

9. The parties' bargain includes an express 1-year warranty, as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

10. However, as a result of the ineffective repair attempts made by Defendant through its authorized dealer(s), the vehicle is rendered substantially impaired, unable to be utilized for its intended purposes, and is worthless to Plaintiff's.

11. The subject vehicle was custom ordered and delivered to the Plaintiffs on May 2, 2015. Upon delivery of the vehicle, Plaintiff's experienced numerous defects with the vehicle. A true and correct copy of email correspondence is attached hereto, made a part hereof, and marked Exhibit "B".

12. On May 26, 2016, a representative of Defendant, Clem's Trailer Sales, Inc. came to look at the subject vehicle and take photographs to document the defects.

13. In October 2015, Defendant, Campers Inn RV Sales, Inc. towed the vehicle back to the dealership for repairs. Defendant, Campers Inn RV Sales, Inc., informed the Plaintiff that parts needed to be ordered and that the dealer would need authorization from Defendant, Forest River, Inc., for some of the repairs to be performed.

14. In April of 2016, Plaintiffs visited Defendant, Campers Inn RV Sales, Inc., to check on the status of their repairs. During their visit to the dealership, Plaintiffs were informed that no work had been performed on the vehicle since it had been towed in October of 2015.

15. Defendant, Campers Inn RV Sales, Inc., informed the Plaintiffs that the repairs would progress soon. Plaintiffs made numerous phone calls to both Defendant for the status of the repairs on their vehicle. Plaintiffs requested repair orders on several occasions from the dealers but Defendants did not comply with the request. A true and correct copy of email correspondence is attached hereto, made a part hereof, and marked Exhibit "B".

16. The subject vehicle was eventually transferred to Defendant, Forest River, Inc. for repairs to be made under the Manufacturer Warranty. Plaintiffs attempted to contact both Defendant's numerous times to check the status of repairs on the subject vehicle and were consistently given changing dates on when the repairs would be completed. A true and correct copy of email correspondence is attached hereto, made a part hereof, and marked Exhibit "C".

17. Plaintiff's received the subject vehicle back from Defendant, Forest River, Inc., in June of 2016. The subject vehicle was returned with several defects still unrepaired as well as new problems present. The vehicle had large indent gouges on the floor. Under the carpet on the left side inside the rear room, there was no seal present to separate the interior from the outside. Several other defects and new problems were documented in emails between Defendant, Campers Inn RV of Pittsburgh and Defendant, Forest River Inc. A true and correct copy of email correspondence is attached hereto, made a part hereof, and marked Exhibit "D".

18. The vehicle continues to exhibit defects and nonconformities which substantially impair its use, value and/or safety as provided in 73 P.S. §1951 et seq.

## COUNT I

## MAGNUSON-MOSS (FTC) WARRANTY IMPROVEMENT ACT

19. Plaintiff's hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth in length herein.

20. Plaintiff's has or may have resorted to Defendant's informal dispute settlement procedure, to the extent said procedure complies with 16 CFR 703.

21. Plaintiff is a "Consumer" as defined by 15 U.S.C. §2301 (3).

22. Defendant is a "supplier", "warrantor", and a "service contractor" as defined by 15 U.S.C. §2301 (4),(5) and (8).

23. The subject vehicle is a "consumer product" as defined by 15 U.S.C. §2301 (1).

24. By the terms of its written warranties, affirmations, promises, or service contracts, Defendant agreed to perform effective repairs at no charge for parts and/or labor.

25. The Magnuson-Moss Warranty Improvement Act requires Defendant to be bound by all warranties implied by state law. Said warranties are imposed on all transactions in the state in which the vehicle was delivered.

26. Defendant has made attempts on several occasions to comply with the terms of its express warranties; however, such repair attempts have been ineffective.

27. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides: If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiff for, or in connection with the commencement and prosecution of such action, unless the curt, in its discretion shall determine that such an award of attorney's fees would be in appropriate.

28. Plaintiff's has afforded Defendant a reasonable number of opportunities to confirm the vehicle to the aforementioned express warranties, implied warranties and contracts.

29. As a direct and proximate result of Defendant's failure to comply with the express written warranties, Plaintiff as suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suite for such damages and other legal and equitable relief.

30. Defendant's failure is a breach of Defendant's contractual and statutory obligations

constituting a violation of the Magnuson-Moss Warranty Improvement Act, including but not limited to: breach of express warranties; breach of implied warranty of merchantability; breach of implied warranty of fitness for a particular purpose; breach of contract; and constitutes an Unfair Trade Practice.

31. Plaintiff's avers that Defendant's warranty was not provided to Plaintiff's until after the vehicle was delivered, making any and all limitations, disclaimers and/or alternative dispute provisions ineffective for a failure of consideration.

32. Plaintiff's avers Defendant's Dispute Resolution Program was not in compliance with 16 CFR 703 for the model year of the subject vehicle.

33. Plaintiff's avers that Defendant's warranty did not require Plaintiff's to first resort to a Dispute Resolution Program before filing suit.

34. Plaintiff's avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees are recoverable and are demanded against Defendant.

WHEREFORE, Plaintiff's respectfully demands judgment against Defendant in an amount equal to the price of the subject vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorney's fees, and all court costs.

## COUNT II

## PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

35. Plaintiff's hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

36. Plaintiffs are a "Person" as defined by 73 §201-2(2).

37. Defendant is a "Person" as defined by 73 §201-2(2).

38. Section 201-9.2(a) of the Act authorizes a private cause of action for any person "who purchases or leases goods or services primarily for personal, family or household purposes." 33. In addition, the Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 §201-2(4), defines "unfair or deceptive acts or practices" to include the following conduct:

(vii). Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another,

(xiv). Failing to comply with the terms of any written guarantee or warranty given to the buyer at, prior to, or after a contract for the purchase of goods or services is made;

(xv). Knowingly misrepresenting that services, replacements or repairs are needed if they are not needed;

(xvi). Making repairs, improvements or replacements on tangible, real or personal property of a nature or quality inferior to or below the standard of that agreed to in writing.

(xxi). Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding.

39. Deceptive or Unfair conduct is determined by the Courts via the following factors:

(1) Whether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes...

(2) Whether it causes substantial injury to consumer. 35. Plaintiff avers Defendant has violated these, as well as other provisions, of 73 P.S. §201-2 et seq. 36. Section 201-3.1 of the Act provides that the Automotive Industry Trade Practice rules and regulations adopted by the Attorney General for the enforcement of this Act shall constitute additional violations of the Act.

40. Defendant's conduct surrounding the sale and servicing of the subject vehicle falls within

the aforementioned definitions of "unfair or deceptive acts or practices."

41. The Act also authorizes the Court, in its discretion to award up to three (3) times the actual damages sustained for violations.

WHEREFORE, Plaintiff's respectfully demands judgment against Defendant in an amount not in excess of Thirty-Five Thousand Dollars ($35,000.00), together with all collateral changes, attorneys' fees, all court costs and treble damages.

TIMOTHY ABEEL & ASSOCIATES, P.C.

By: /s/ Timothy J. Abeel, Jr., ESQUIRE

Attorney for Plaintiff